UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOENA BARTOLINI MITCHELL,

       Plaintiff,

v.                    Case No. 8:23-cv-2341-VMC-TGW

RAYMOND JAMES
AND ASSOCIATES, INC.,

       Defendant.
_____/

**ORDER**

    This matter is before the Court on consideration of United States Magistrate Judge Thomas G. Wilson's Report and Recommendation (Doc. # 60), filed on August 23, 2024, recommending that Defendant Raymond James and Associates, Inc.'s Motion to Compel Arbitration (Doc. # 27) be granted. Mitchell filed an Objection (Doc. # 61) on September 6, 2024, to which Raymond James responded on September 20, 2024. (Doc. # 62).

    Upon review, the Court accepts and adopts the Report and Recommendation, overrules the Objection, and grants Raymond James's Motion.

**Discussion**

    After conducting a careful and complete review of the findings and recommendations, a district judge may accept,

reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732 (11th Cir. 1982). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, <u>Garvey v. Vaughn</u>, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendation. 28 U.S.C. § 636(b)(1)(C). If a party files a timely and specific objection to a finding of fact by the magistrate judge, the district court must conduct a *de novo* review with respect to that factual issue. <u>Stokes v. Singletary</u>, 952 F.2d 1567, 1576 (11th Cir. 1992). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. <u>See</u> <u>Cooper-Houston v. S. Ry. Co.</u>, 37 F.3d 603, 604 (11th Cir. 1994); <u>Castro Bobadilla v. Reno</u>, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), <u>aff'd</u>, 28 F.3d 116 (11th Cir. 1994).

In her Objection, Mitchell argues that her complaint does plausibly allege a sexual harassment claim, although she does not believe the recently enacted Ending Forced Arbitration Act ("EFAA") contains a plausibility requirement. (Doc. # 61 at 6-9). The Court disagrees. Rather, the Report and Recommendation accurately concludes that the complaint

does not plausibly state a claim based on the hostile work environment theory of sexual harassment. (Doc. # 60 at 23-27). The Report and Recommendation is correct that Mitchell's allegations of sexual harassment, which involved approximately fourteen instances of sexual harassment over a fifteen-year span by various perpetrators and experienced by Mitchell and other women, are not objectively severe and pervasive. (Id. at 25-26); see also Mitchell v. Pope, 189 F. App'x 911, 913-14 (11th Cir. 2006) (finding that "16 specific instances of offensive conduct" by a supervisor over 4 years, while "crass and juvenile," was "not the kind of 'severe' harassment necessary for liability to attach under Title VII"); Walsh v. City of Ocala, No. 5:18-cv-402-JSM-PRL, 2019 WL 4395297, at *4 (M.D. Fla. June 17, 2019) (finding "sporadic episodes" — "eight episodes stretched over an almost five year period" — were "not sufficiently frequent to establish a hostile work environment"), report and recommendation adopted, No. 5:18-cv-402-JSM-PRL, 2019 WL 3297248 (M.D. Fla. July 23, 2019).

Because Mitchell has not plausibly pled a sexual harassment claim and EFAA does contain a plausibility requirement, she may not rely on such claim to avoid arbitration. See Yost v. Everyrealm, Inc., 657 F. Supp. 3d

563, 585 (S.D.N.Y. 2023) ("[T]he term 'alleged' as used in § 401(4) is best read to implicitly incorporate the plausibility standard.").

That leaves Mitchell's retaliation claim, in which she alleges she was retaliated against for complaining to her boss about sex discrimination and filing an EEOC charge complaining of, among other things, sex discrimination, sexual harassment, and retaliation. (Doc. # 1 at 11-18); see also (Doc. # 29-1 at Ex. A). In her Objection, Mitchell argues that — regardless of her sexual harassment claim's plausibility — she has alleged a plausible retaliation claim that relates to sexual harassment. (Doc. # 61 at 2). She emphasizes the statement of the Second Circuit Court of Appeals in Olivieri v. Stifel, Nicolaus & Co., Inc., 112 F.4th 74 (2d Cir. 2024), that "retaliation resulting from a report of sexual harassment is 'relat[ed] to conduct that is alleged to constitute sexual harassment.'" Id. at 92 (quoting 9 U.S.C. § 401(4)).

As an initial matter, Olivieri is not binding on this Court. Furthermore, the Court agrees with the Report and Recommendation and Defendant that Olivieri is distinguishable from this case. (Doc. # 60 at 28). In Olivieri, there was no dispute that the plaintiff had pled a plausible sexual

4

harassment claim. Rather, because the sexual harassment occurred before the effective date of the EFAA, arbitration could only be avoided if plaintiff's retaliatory hostile work environment claim, for which the underlying conduct continued beyond the effective date of the EFAA, "related to" the sexual harassment dispute. Olivieri, 112 F.4th at 91-92. This is not the same issue presented here.

Raymond James is correct that the "Olivieri Court did not hold – and did not come anywhere close to holding – that the EFAA applies in the absence of facts supporting a plausible sexual harassment claim." (Doc. # 62 at 7). The Court also agrees with Raymond James that "for a non-sexual harassment claim – such as retaliation – to 'relate to' the alleged sexual harassment dispute, [Mitchell] must still allege conduct constituting actionable sexual harassment under the law, regardless of whether a sexual harassment claim is expressly asserted as a standalone claim." (Doc. # 52 at 10). Because Mitchell's allegations do not plausibly constitute sexual harassment under federal law, her retaliation claim fails to trigger EFAA.

Upon due consideration of the record, including Judge Wilson's Report and Recommendation as well as Michell's Objection thereto, the Court overrules the Objection, adopts

the Report and Recommendation, and grants the Motion to Compel Arbitration. The Court agrees with Judge Wilson's detailed and well-reasoned findings of fact and conclusions of law. The Report and Recommendation thoughtfully addresses the issues presented, and the Objection does not provide a basis for rejecting the Report and Recommendation.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Report and Recommendation (Doc. # 60) is **ACCEPTED** and **ADOPTED.**

(2) Defendant Raymond James and Associates, Inc.'s Motion to Compel Arbitration (Doc. # 27) is **GRANTED.**

(3) This case is referred to mandatory arbitration.

(4) The Clerk is directed to **STAY** and **ADMINISTRATIVELY CLOSE** this case.

(5) The parties are directed to file a joint status report on the status of the arbitration proceedings every 120 days.

**DONE and ORDERED** in Chambers in Tampa, Florida, this 23rd day of September, 2024.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE